Taliaferro, J.
The plaintiffs sue to annul a probate sale. They allege fraud and collusion between the administrators and the purchasers to sacrifice the property and evade the pursuit of the creditors of the succession. They allege that a second appraisement of the property was illegally obtained for the purpose of having the property appraised at a low valuation, and that advantage was taken of the time of the year when money in the country is usually scarce to have *559 the sale made and of a place for making it where there would be but few bidders and but little opposition. Walker & Yaught were creditors of Ward. During his life time they proceeded by executory process to enforce a mortgage which they claimed to have against certain lands of their debtor. Ward enjoined the proceeding, and during the pendency of the injunction died, and the suit was continued by Ms administrator. The judgment of the district court dissolved the injunction, but this judgment was reversed on appeal. A suit via ordinaria was then brought to enforce the mortgage debt. There was judgment rendered ordering the sale of the land. Under this decree the land was seized, but subsequent-to the seizure it was determined on appeal that there was no mortgage. Before, however, this decision was rendered the land was advertised Tor sale by the administrator under an order purporting’ to have been obtained by him in 1869, but which had been suspended by injunction. Walker & Yaught got out a third opposition and claimed the proceeds of the land. The sale was made, but after the decree of the appellate court that no mortgage existed, the third opposition was dismissed and the proceedings seem to have been discontinued. It seems that in March, 1871, an order of sale of the property was rendered on application of the administrator by the probate court of the parish of Morehouse, and that a sale was made under this order by the sheriff. It is this sale, which on the grounds before alleged, the plaintiffs seek to annul. Nearly two years having elapsed since the first inventory was made, and that having been destroyed by the burning of the parish records, the administrator obtained an order for a new inventory and appraisement which was made in July, 1871.
The defendants filed an exception to the jurisdiction of the district court, in which this suit was brought, as to that part of the action which seeks to attack the judgment of the probate court ordering the sale of the land; that plaintiffs were parties to that judgment, and that.more than twelve months having elapsed without an appeal being taken from it, it has become res_ adjudicata; that plaintiffs ratified the sale by filing, previous to the sale, a third opposition claiming the proceeds of the land, and that they were thereby estopped from attacking the sale. 3 An. 648; 2 An. 454.
But the plaintiffs contend that the irregularities of which they complain occurred after they had filed their opposition and before the sale. The opposition was filed on the third July, 1871, the inventory made on the seventh of that month, and the first sale on the tenth of the month.
The purchasers except further that they have paid the price of adjudication as shown by the proces verbal of the sale in evidence, and *560 that the purchase price nor any part thereof has been paid or tendered to them by the plaintiffs or any other person.
We are not induced to believe the plaintiffs have made out their case. The exception that a ratification of the sale by plaintiffs resulted from the filing by them of a third opposition, and claiming the proceeds, we think is well taken.
We see no illegality under the facts shown of the procurement of a second inventory and appraisement. The reduced price at which the lands were appraised at the last inventory, compared with their valuation by the first inventory taken two years before, may have resulted from the great falling off in value of real estate in this country. We have examined the evidence with considerable care, and although a few circumstances are shown that might excite some suspicion as to the entire fairness of the transaction, still we find nothing that establishes clearly and satisfactorily collusion and fraud, and especially on the part of the purchasers. They bought no doubt under what probably appeared to them regular proceedings and apparently in good faith j they should be protected.
The objection that the land was not divided into lots and sold in lots, as prescribed by law is, we think, without much force. No survey was made, but the lots were sufficiently designated by means of the map of the official United States survey and sold in portions easily ascertainable. No such illegality thereby arose as to work nullity of the sale.
It is therefore ordered and decreed that the judgment of the district court be affirmed with costs.